IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EQUITABLE PARTNERS, L.C., A.K.A. KIRK CAMERON,<br><br>        Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:17-CV-1113 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's Amended Complaint is for quiet title. Because Plaintiff did not sufficiently allege that he has a superior claim to the property's title, the Court will grant the Motion.

## I.      BACKGROUND

Equitable Partners L.C. a.k.a. Kirk Cameron ("Plaintiff") filed his initial Complaint to quiet title against OneWest Bank ("Defendant") in state court on September 5, 2017.[1] On October 5, 2017, the action was removed to this Court.[2] Following removal, Defendant moved to dismiss the initial Complaint under Rule 12(b)(6).[3] Plaintiff then filed the Amended Complaint.[4] Afterward, Defendant filed this Motion to Dismiss Amended Complaint for failure to state a claim for which relief may be granted.[5]

---

[1] Docket No. 2 Ex. A.

[2] Docket No. 2.

[3] Docket No. 7.

[4] Docket No. 13.

[5] Docket No. 14.

In October 2006, Plaintiff received a loan for $148,305.00 from City First Mortgage Services.[6] The loan was secured by Plaintiff's real property at 871-875 South Jefferson Street, Salt Lake City, Utah 84104.[7] City First Mortgage Services assigned the Mortgage to Indymac Bank, FSB in November of 2006.[8] The Federal Deposit Insurance Corporation ("FDIC") signed an Affidavit of Lost Assignment as Receiver for Indymac Federal Bank and recorded on June 22, 2010.[9] The affidavit stated that the assignment was lost, misplaced, or destroyed, but that Indymac was in possession of the Note securing the loan.[10] The FDIC then assigned the Deed of Trust to Defendant OneWest Bank, FSB.[11]

Plaintiff brought this Complaint to quiet title after nonpayment on the loan for years because he did not know that Defendant was assigned the mortgage and had not received a notice of payment or delinquency.[12] After retaining counsel to pull the title abstract, Plaintiff discovered that Defendant was the asserted beneficiary of the Note.[13]

## II.     STANDARD OF REVIEW

On a 12(b)(6) motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint."[14] Plaintiffs must "state a claim to relief that is plausible on its face."[15]

---

[6] Docket No. 13, at 1.

[7] *Id.*

[8] *Id.* at 2; *see also* Docket No. 14, at 3.

[9] Docket No. 13, at 2.

[10] *Id.*

[11] *Id.*

[12] Docket No. 15, at 3.

[13] *Id.*

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court views reasonable inferences in favor of the nonmoving party.[16]  However, the Court is

not required to accept conclusory allegations as true.[17] "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18]

### III.  DISCUSSION

*A.  Failure to State a Claim*

Plaintiff primarily bases his claim to quiet title on the theory that the statute of limitations

has run, barring Defendant from enforcing the terms of the Deed of Trust.[19] According to

Plaintiff, the six-year statute of limitations to enforce the note has run because Defendant has not

sent a notice of payment or a delinquency notice since 2010.[20] Plaintiff concedes, however, that

the property at issue was conveyed to City First Mortgage Services Lender and that Defendant is

the assignee of this Deed of Trust.[21] Plaintiff does not allege that the debt on the note has been

accelerated or the loan has reached maturity,[22] but states that "it is unknown whether or not the

debt was ever accelerated."[23] Plaintiff also asserts that, because Defendant "never possessed the

original note, a certified copy of the note, or even a copy of the note," the Trust Deed is

---

[16] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[17] *Iqbal*, 556 U.S. at 681.

[18] *Id.* (quoting *Twombly*, 550 U.S. at 555) (alteration in original).

[19] Docket No. 13, at 2–3.

[20] *Id.*

[21] *Id.* at 1–2.

[22] *See* Docket No. 13; Docket No 14, at 5.

[23] Docket No. 15, at 5.

unenforceable.[24] Plaintiff supports this claim by emphasizing the fact that an Affidavit of Lost Assignment of the property was signed and recorded in 2010 by the FDIC.[25]

Defendant argues that "attacking another party's interest in the subject property is not sufficient to sustain a valid claim" for quiet title.[26] Rather, Defendant asserts that Plaintiff must establish the legitimacy of his own interest to state a claim.[27] Defendant argues that Plaintiff failed to allege any facts proving that he has the superior ownership interest,[28] and only made vague claims in his Opposition that he "holds the vested property interest in the property" and that "he has a strong claim of title" because he "is the listed owner of the property."[29] Defendant maintains that this does not establish Plaintiff's "own right to title of the property" and the Complaint must, therefore, be dismissed.[30]

The Court agrees with Defendant's argument. "To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title."[31] This principle has been

---

[24] Docket No. 13, at 2.

[25] *Id.*

[26] Docket No. 14, at 4.

[27] *Id.* at 5.

[28] *Id.*

[29] Docket No. 15, at 4.

[30] Docket No. 16, at 2.

[31] *Church v. Meadow Springs Ranch Corp. Inc.,* 659 P.2d 1045, 1048–49 (Utah 1983); *see also Utah State Dep't of Soc. Servs. v. Santiago*, 590 P.2d 335, 337–38 (Utah 1979) (stating that as an element of a quiet title action, a plaintiff must establish "entitlement to possession").

consistently upheld and applied in Utah and federal courts.[32] Plaintiff has not shown that he has a

superior right of title as required for a quiet title action. He asserts that he has a "strong claim" to

title but he does not indicate nor support in his Amended Complaint that his right is superior to

Defendant. Rather, he concedes that he conveyed this property for consideration[33] and that he

has not paid the amount required under the Note to clear title.[34] The Court finds, therefore, that

Plaintiff's allegations are insufficient to establish quiet title.

    *B.  Statute of Limitations*

    Regarding the statute of limitations claim by Plaintiff, Defendant asserts that this

allegation contradicts the plain language of the statute. The Utah Code states that "an action to

enforce the obligation of a party to pay a note payable at a definite time must be commenced

within six years after the due date or dates stated in the note or, if a due date is accelerated,

within six years after the accelerated due date."[35] The maturity date in the note is November 1,

2026.[36] Because Plaintiff makes no claim that he paid off the loan or that the debt has been

accelerated, the statute of limitations has not run according to Defendant.[37] Further, Defendant

---

[32] *See Tadehara v. Ace Sec. Corp. Home Equity Loan Tr. Series 2007-HE4*, 492 F. App'x 834, 837–38 (10th Cir. 2012) (upholding dismissal of plaintiff's quiet title action for failure to allege clear title); *Kelly v. Hard Money Funding, Inc.*, 2004 UT App 44, ¶ 19, 87 P.3d 734 (applying *Church*'s language to quiet title action); *Marty v. Mortg. Elec. Registration Sys.*, No. 1:10-cv-33-CW, 2010 WL 4117196, at *8 (D. Utah Oct. 19, 2010) (dismissing case because the plaintiff only attacks claim of title by the defendants without establishing clear title in his favor).

[33] Docket No. 13, at 1.

[34] Docket No. 15, at 5.

[35] Utah Code Ann. § 70A-3-118(1).

[36] Docket No. 14 Ex. E.

[37] Docket No. 14, at 7.

asserts that the statute of limitations argument is wrongly pleaded because it "goes to the enforceability of a lien interest" and it cannot alone support a quiet title claim.[38] Plaintiff responds by restating his original argument that the statute of limitations has run because Defendant "failed to service the note, request payment, or send a delinquency notice."[39]

Defendant's argument succeeds here because the Utah Code is clear that the statute of limitations does not run until "the due date . . . stated in the note or . . . after the accelerated due date."[40] Plaintiff has not alleged that the "fail[ure] to service the note, request payment, or send a delinquency notice" accelerates the debt.[41] Even if he did, such failures do not accelerate the debt because only the lender and assignees have a contractual right in case of default to "accelerate the Secured Debt."[42] In this case, debt acceleration is a substantive right held by Defendant as the note's beneficiary,[43] and there is no indication that Defendant exercised this right. Therefore, the failure to service the note does not accelerate the debt without action by Defendant, which Plaintiff has not alleged.[44]

Regarding the argument that the statute runs after each missed payment, the Utah Court of Appeals has held that where an "installment contract calls for the entire balance to become due on some specific future date, and the obligee has done nothing to legally accelerate the

---

[38] Docket No. 16, at 3.

[39] Docket No. 15, at 5.

[40] Utah Code Ann. § 70A-3-118(1).

[41] Docket No. 15, at 5.

[42] Docket No. 14 Ex. A ¶ 9.

[43] *Progressive Acquisition, Inc. v. Lytle*, 806 P.2d 239, 244 (Utah Ct. App. 1991).

[44] *Johnston v. Austin*, 748 P.2d 1084, 1088 (Utah 1988) (holding that acceleration requires notice).

future payments, the statute of limitations begins to run only after the obligor defaults on the final due date."[45] Therefore, the missed payments in this case do not trigger the statute of limitations because there is a specific future date where the entire balance will come due.

### C. Relevance of Possession of the Note

Plaintiff claims that Defendant does not possess the Note, but Defendant argues that this is irrelevant and is "merely attacking the Defendant's right to enforce a valid lien interest" rather than satisfying the requirements to quiet title.[46] Relevant or not, Defendant contends that it has produced a copy of the note and asserts that it can demonstrate possession of the note.[47] However, Defendant believes that this exercise is a non-issue because it is only "relevant to standing to foreclose" and not to quiet title.[48]

Plaintiff responds by citing § 70A-3-309 of the Utah Code, which provides when a "person is entitled to enforce a lost, stolen, or destroyed instrument."[49] According to Plaintiff, this statute shows that Defendant cannot enforce the note because it does not possess the original note.

Defendant clearly prevails on this issue. Plaintiff's argument in response only reinforces Defendant's assertion of its irrelevance to a quiet title action. Section 70A-3-309 deals with enforcement of the note. It does not show that the Plaintiff has a superior interest in the property as required for this Court to find quiet title in his favor. Even if Defendant is not in possession of

---

[45] *Anderson v. Davis*, 2008 UT App 86, at *1.

[46] Docket No. 14, at 8.

[47] *Id.*

[48] *Id.*

[49] Docket No. 15, at 6.

the note, this may provide a hurdle to enforcement, but does not provide Plaintiff with a quiet title. Plaintiff's claim that Defendant does not possess the note does not, therefore, affect the Court's decision to grant Defendant's Motion to Dismiss.

### D. Laches and Unclean Hands

Plaintiff raises the equitable doctrines of laches and unclean hands for the first time in his Opposition to the Motion.[50] Because these claims are not included in his Amended Complaint, they are not properly before the Court. But, even if they were, laches and unclean hands only go to enforcement and are inappropriate for consideration in this quiet title claim.

### E. Attorneys' Fees and Costs

Defendant requests attorneys' fees and costs for its successful defense against Plaintiff's action. In the Deed of Trust, Plaintiff agreed to reimburse all expenses "incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under th[e] Security Instrument."[51] This amount explicitly includes "reasonable attorneys' fees, court costs, and other legal expenses."[52] Plaintiff did not respond to Defendant's argument that he has contractually agreed to pay attorneys' fees in this case.

Defendant has a valid contractual claim to attorneys' fees and court costs. These fees were "incurred by [Defendant] in . . . protecting [Defendant's] rights and remedies under th[e] Security Instrument."[53] Due to the contractual agreement between Plaintiff and Defendant, the Court awards attorneys' fees and costs to Defendant for its defense against this action. By

---

[50] *Id.* at 7.

[51] Docket No. 14, at 8; *see also* Docket No. 14 Ex. A, ¶ 10.

[52] Docket No. 14 Ex. A, ¶ 10

[53] Docket No. 14, at 8.

granting the contractual claim to attorneys' fees for Defendant, the Court does not reach the statutory claim to attorneys' fees.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 14) is GRANTED. Defendant shall be awarded attorneys' fees and court costs for its successful defense of this action. Defendant must file an affidavit with the Court providing a detailed account of attorneys' fees and costs within fourteen (14) days of this order.

DATED this 3rd day of April, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge