IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| EQUITABLE PARTNERS, L.C.; a.k.a. KIRK CAMERON,<br><br>Plaintiff,<br>vs.<br><br>ONEWEST BANK, FSB,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES AND COSTS<br><br>CASE NO. 2:17-CV-1113 TS<br>Judge Ted Stewart |

This matter is before the Court on Defendant OneWest Bank's ("OneWest") Application for Attorneys' Fees and Costs. The Court previously awarded contractual attorneys' fees and costs to OneWest and must now determine the amount to be awarded. For the following reasons, the Court will award attorneys' fees and costs in the amount $14,910.

## I.  BACKGROUND

On September 5, 2017, after years of nonpayment on a loan, Plaintiff filed this action to quiet title against OneWest in state court, arguing that he did not know that OneWest was assigned the mortgage and had not received a notice of payment or delinquency. On October 5, 2017, the action was removed to this Court, and OneWest moved to dismiss the Complaint. Plaintiff then filed an Amended Complaint and OneWest filed another motion to dismiss under Rule 12(b)(6).

The Court granted OneWest's Motion to Dismiss on April 3, 2018, and awarded contractual attorneys' fees and costs to OneWest pursuant to the Deed of Trust in which Plaintiff agreed to reimburse all expenses "incurred by Lender in collecting, enforcing or protecting

Lender's rights and remedies under this Security Instrument."[1] Those expenses explicitly include "reasonable attorney's fees, court costs, and other legal expenses."[2]

OneWest filed an Application for Attorneys' Fees and Costs seeking $14,910. However, the briefing of OneWest's Application provided little evidence to support the parties' proposed hourly rates. Therefore, the Court requested additional evidence on this point. OneWest provided the Court with additional evidence to support its fees, but Plaintiff did not.

## II. STANDARD OF REVIEW

Under Utah law,[3] once the court determines that a party is entitled to attorneys' fees, "it acquire[s] broad discretion in determining what constitutes a reasonable attorney fee under . . . the contract."[4] In determining a reasonable fee, courts should answer the following questions:

1. What legal work was actually performed?
2. How much of the work performed was reasonably necessary to adequately [defend] the matter?
3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?
4. Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?[5]

The Court may also consider "the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved."[6]

---

[1] Docket No. 14, at 8 (internal quotation marks omitted); *see also id.* Ex. A, ¶ 10.

[2] *Id.* Ex. A, ¶ 10.

[3] When determining substantive issues such as attorneys' fees in diversity cases, the Court applies the law of the forum state. *See Boyd Rosene & Assocs. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999).

[4] *Strohm v. ClearOne Commc'ns, Inc.*, 2013 UT 21, ¶ 51, 308 P.3d 424 (internal quotation marks omitted).

[5] *Dixie State v. Bracken*, 764 P.2d 985, 990 (Utah 1988). "It is important to note that with this analysis, what an attorney bills or the number of hours spent on a case is not determinative. The appropriateness of the work actually performed and of the attorneys' billing rate is evaluated before a reasonable fee is set." *Id.*

III. DISCUSSION

OneWest requests a total of $14,505 in attorneys' fees and $405 in costs for 41.4 hours of work. According to the affidavit and supporting documents provided by OneWest, two attorneys, a partner, and an associate, worked on OneWest's defense. The partner billed fourteen hours at $400 per hour, and the associate billed 27.4 hours at $325 per hour.[7] The costs are not disputed, but the reasonableness of the hours spent defending this action and the reasonableness of the billable rate charged by OneWest's counsel are disputed.

A. *Hours Billed*

Plaintiff argues that the number of hours spent on OneWest's defense is unreasonable because "[q]uiet title is not a complicated or complex legal issue addressing a novel legal issue requiring extensive legal research."[8] According to Plaintiff, "[t]he attorneys for the Defendant have dealt with qui[et] title issues relating to a creditor's note numerous times and must have motions, pleadings, and research that can be referred to and incorporated into cases with the same legal issues."[9] Additionally, there were no court hearings, no written discovery or depositions, the Amended Complaint was only four pages and consisted of a single cause of action, and Plaintiff's counsel billed half as many hours. For these reasons, Plaintiff concludes that the attorneys' fees should be reduced to reflect "a reasonable amount of time involved on drafting the motions for a familiar legal practice area."[10]

---

[6] *Amyx v. Columbia House Holdings, Inc.*, 2005 UT App 118, ¶ 3, 110 P.3d 176 (internal quotation marks omitted).

[7] See Docket No. 23 Ex. A-1 for an affidavit and detailed records of hours billed and the corresponding tasks.

[8] Docket No. 24, at 3.

[9] *Id.*

[10] *Id.* at 5.

OneWest responds by reiterating the tasks its counsel was required to perform and argues that "the 41.4 hours billed to defend against a quiet title complaint that could have extinguished Defendant's entire interest in the property at issue is more than reasonable."[11]

The answers to the first two questions of the four-part *Dixie State* inquiry aid in determining the reasonableness of OneWest's time spent defending this action. First, in addition to time spent communicating with the client and opposing counsel, OneWest's counsel spent time removing this action from state court, filing the initial Motion to Dismiss and Reply to Plaintiff's Opposition to that Motion, filing a request to submit for decision, stipulating to the filing of Plaintiff's Amended Complaint, filing the second Motion to Dismiss in response to Plaintiff's Amended Complaint, and filing a Reply to Plaintiff's Opposition. Regardless of any templates, prior statements of law, or other resources from previous cases that OneWest's counsel could have used to aid in its defense of this action, this is a significant amount of legal work.

Further, and in relation to the second question provided by *Dixie State*, the work performed by OneWest's counsel was reasonably necessary to adequately defend this matter. There is no evidence of superfluous work in the records provided by OneWest, and Plaintiff argues only that it should have taken less time because OneWest's counsel was familiar with these types of cases and she billed half as many hours. However, Plaintiff's filing of an Amended Complaint only after the first Motion to Dismiss was fully briefed led to extra work that could have been avoided if the Amended Complaint was filed earlier. Instead, OneWest had to review the new Complaint and go through the process of filing and briefing a second Motion to Dismiss. Finally, the number of hours spent by Plaintiff's counsel as compared to OneWest's counsel has

---

[11] Docket No. 25, at 4.

little relevance to the Court's determination, especially when OneWest's counsel was successful in its defense and the interest at stake was significant.

For these reasons, the Court finds that it was reasonable for OneWest's counsel to spend 41.4 hours defending this action.

B. *Hourly Rates*

A party who requests an award of attorney fees has the burden of presenting evidence sufficient to support an award. Except in the most simple cases, the evidence should include the hours spent on the case, the hourly rate or rates charged for those hours, and usual and customary rates for such work.[12]

A lawyer's billable rate or value depends not only on locality, but a number of other factors, "including his background of learning and experience, his ability, his integrity and his dedication to the causes with which he identifies himself. Also to be considered is the reputation he has acquired, the nature and importance of the matter, and the amount of money or value of property involved."[13]

OneWest contends that its counsel's billing rates are reasonable for Salt Lake County, arguing that its associate rate of $325 per hour is within the range argued by Plaintiff, and "the rate charged by [the senior partner on the case, $400 per hour,] is reasonable for a Partner with his level of expertise and as the invoices indicate he billed in a supervisory role to make sure the total billing would not be excessive. (Of the 41.4 hours billed [he] billed less than 15 . . . )."[14]

---

[12] *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 268 (Utah 1992); *see also Flying J Inc. v. Comdata Network, Inc.*, 1:96-CV-066 BSJ, 2007 WL 3550342, at *10 (D. Utah Nov. 15, 2007) ("The burden is on the fee applicant to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.") (internal quotation marks omitted).

[13] *Kerr v. Kerr*, 610 P.2d 1380, 1385 (Utah 1980).

[14] Docket No. 25, at 2.

In support of this argument, OneWest filed a supplemental affidavit with information on three similar cases that OneWest's counsel handled in the last two years. According to the affidavit, each of the matters involved Utah clients, dealt with secured assets worth over $100,000, were resolved for less than $20,000, and the rates charged in those cases were substantially the same as those charged in this matter. OneWest also argues that its attorneys' billable rates went up at the beginning of 2018, but they charged the 2017 rates since the litigation commenced in 2017. Finally, OneWest argues that "comparing Defendant's fees to the opposition party is not a factor this Court should look at when awarding fees."[15]

Plaintiff argues that the rates charged by OneWest's counsel are "customary for California attorneys but not Utah attorneys. . . . The customary amount charged in the greater Salt Lake City area for qu[iet] title or breach of contract work would be a range $200.00–$300.00."[16] Allegedly, Plaintiff's counsel "charges her California clients $400.00, but charges her Utah clients the customary Utah market rate of $225.00 for her 20 years of experience."[17] Similarly, the senior partner at her firm, who has thirty years of experience in Utah, has an hourly billing rate of $295. "Based on counsel for Plaintiff's billing rate and hours worked on the case her attorney fees amount to $2250.00 which is approximately 15% of the legal fees charged by [OneWest's counsel]."[18] Plaintiff concludes that the lack of conformity with fees customary to Salt Lake makes OneWest's fees unreasonable, and Plaintiff requests that the Court reduce the award of attorneys' fees to reflect the customary hourly rates for the locality.

---

[15] *Id.* at 3.

[16] Docket No. 24, at 3.

[17] *Id.*

[18] *Id.* at 4.

OneWest's supporting evidence regarding the three similar cases worked on by OneWest's counsel, along with its initial evidence regarding its counsel's experience, is sufficient for OneWest to meet its burden to establish that the rates charged are reasonable in comparison to fees customarily charged in Salt Lake County for similar services. Plaintiff's arguments that the rates charged by Plaintiff's counsel and coworker are the correct rates for this locality fail because the differences in an attorney's experience, firm size, record of success, notoriety, etc. all factor into the rate an attorney may properly charge. The fact that Plaintiff's counsel charges less than OneWest's counsel is not enough to show that the rates charged by OneWest's counsel were unreasonable. Therefore, the Court finds that the hourly rates charged by OneWest's counsel were reasonable.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Application for Attorneys' Fees and Costs (Docket No. 23) is GRANTED. Defendant shall be awarded attorneys' fees and costs in the amount of $14,910.

DATED this 31st day of July, 2018.

BY THE COURT:

Judge Ted Stewart